J. Walter Sinclair, ISB No. 2243
*Email: jwsinclair@stoel.com*
Mark S. Geston, ISB No. 1346
*Email: msgeston@stoel.com*
STOEL RIVES LLP
101 S Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  (208) 389-9000
Facsimile:  (208) 389-9040

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RED'S TRADING POST, INC., <br><br> Petitioner, <br><br> v. <br><br> RICHARD VAN LOAN, Director of Industry Operations, Bureau of Alcohol, Tobacco, Firearms and Explosives, <br><br> Respondent. | Case No. <br><br> **PETITION FOR JUDICIAL REVIEW** |

1)      This is a petition for *de novo* judicial review of the revocation of a license as a dealer in firearms other than destructive devices.  This action is brought pursuant to 18 U.S.C. § 923(f)(3).

## JURISDICTION AND VENUE

2)      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as it arises under the Constitution and laws of the United States.

**PETITION FOR JUDICIAL REVIEW - 1**
Boise-202795.1 0099999-00006

3)      Venue is proper in the District of Idaho as Petitioner's place of business is in Twin Falls, Idaho.

## PARTIES

4)      Red's Trading Post, Inc. (hereinafter "Red's") is a retailer who, among other items, sells firearms.

5)      Richard Van Loan (hereinafter "Van Loan") is the Director of Industry Operations, Seattle Field Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF").

## FACTS

6)      A Notice of Revocation, dated February 2, 2006, was sent to Red's notifying it that its federal firearms license as a dealer in firearms other than destructive devices was revoked.

7)      Red's timely requested a hearing pursuant to 18 U.S.C. § 923(f)(2).

8)      A hearing was held on August 8, 2006.

9)      On or about December 30, 2006, Red's received a Final Notice of Denial of Application or Revocation of Firearms License (hereinafter "Final Notice") from Van Loan.

## COUNT I

10)     Paragraphs 1-9 are incorporated herein by reference.

11)     In the Final Notice, Van Loan found that Red's willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.121 and § 478.124 in that, on two occasions, Red's "failed to record the description of the firearm in item #16 of ATF Form 4473 . . . ."

12)     Item 16 requires the licensee to indicate whether the firearm being transferred is a "Handgun," "Long gun," or "Both."

PETITION FOR JUDICIAL REVIEW - 2
Boise-202795.1 0099999-00006

13) 18 U.S.C. § 922(m) provides in pertinent part:

> It shall be unlawful for any ... licensed dealer ... knowingly ... to fail to make appropriate entry in, or to fail to properly maintain, any record which he is required to keep pursuant to section 923 of this chapter or regulations promulgated thereunder.

14) 18 U.S.C. § 923(g)(1)(A) provides in pertinent part:

> Each ... licensed dealer shall maintain such records of importation, production, shipment, receipt, sale, or other disposition of firearms at his place of business for such period, and in such form, as the Attorney General may by regulations prescribe.

15) 18 U.S.C. § 926(a) provides in pertinent part: "[t]he Attorney General may prescribe only such rules and regulations as are necessary to carry out the provisions of this chapter . . . ."

16) 27 C.F.R. § 478.121(c) provides in pertinent part:

> Each ... licensed dealer shall maintain such records of importation, production, shipment, receipt, sale, or other disposition, whether temporary or permanent, of firearms ... as the regulations contained in this part prescribe.

17) 27 C.F.R. § 478.124(c)(4) only requires the transferor to "identify the firearm to be transferred by listing on the Form 4473 the name of the manufacturer, the name of the importer (if any), the type, model, caliber, or gauge, and the serial number of the firearm."

18) Items 24-28 on the Form 4473 require the transferor to provide the name of the manufacturer, the name of the importer (if any), the type, model, caliber, or gauge, and the serial number of the firearm.

19) Red's complied with 27 C.F.R. § 478.124(c)(4) by completing Items 24-28.

20) Red's was not required by regulation to complete Item 16 on the ATF Forms 4473.

**PETITION FOR JUDICIAL REVIEW - 3**

21) Red's did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.121 and § 478.124 in that not completing Item 16 on the two ATF Forms 4473 were inadvertent, technical record-keeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law.

## COUNT II

22) Paragraphs 1-9 are incorporated herein by reference.

23) In the Final Notice, Van Loan found that Red's willfully violated 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102 in that "on one occasion the Licensee allowed a Nevada resident to purchase a rifle without first completing an ATF Form 4473 or having an NICS background check completed . . . ."

24) Red's did not willfully violate 18 U.S.C. § 922(t) and 27 C.F.R. § 478.102 in that the failures to complete an ATF Form 4473 and to have an NICS background check completed were inadvertent, technical record-keeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law.

## COUNT III

25) Paragraphs 1-9 are incorporated herein by reference.

26) In the Final Notice, Van Loan found that Red's willfully violated "27 C.F.R. § 478.102" (sic) in that "the licensee failed to post the required signs alerting purchasers to the dangers of juveniles and handguns, nor did the Licensee distribute the required pamphlets containing the same information . . . ."

27) 18 U.S.C. § 923(g)(1)(A) provides in pertinent part:

**PETITION FOR JUDICIAL REVIEW - 4**
Boise-202795.1 0099999-00006

> Each . . . licensed dealer shall maintain such records of importation, production, shipment, receipt, sale, or other disposition of firearms at his place of business for such period, and in such form, as the Attorney General may by regulations prescribe.

28) 18 U.S.C. § 926(a) provides in pertinent part: "[t]he Attorney General may prescribe only such rules and regulations as are necessary to carry out the provisions of this chapter . . . ."

29) Assuming that Van Loan erroneously meant to state that Red's violated 27 C.F.R. § 478.103 (not 27 C.F.R. § 478.102), 27 C.F.R. § 478.103 is not a record of importation, production, shipment, receipt, sale, or other disposition of firearms, and is thus not authorized by 18 U.S.C. § 923(g)(1)(A) and is null and void.

30) 27 C.F.R. § 478.103 is not necessary to carry out the provisions of the chapter and is null and void.

31) If 27 C.F.R. § 478.103 is authorized by statute, it violates the First Amendment, as interpreted in *Wooley v. Maynard,* 430 U.S. 705, 717 (1977) (government's interest in disseminating an ideology "cannot outweigh an individual's First Amendment right to avoid becoming the courier for such message") and its progeny, and is null and void.

32) Red's did not willfully violate 27 C.F.R. § 478.103 in that the failure to post the required signs alerting purchasers to the dangers of juveniles and handguns, and to distribute the required pamphlets containing the same information, were inadvertent, technical record-keeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law.

**PETITION FOR JUDICIAL REVIEW - 5**

## COUNT IV

33) Paragraphs 1-9 are incorporated herein by reference.

34) In the Final Notice, Van Loan found that Red's willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.121 and § 478.124 in that "on 320 occasions the Licensee failed to record the county of residence on ATF Form 4473 . . . ."

35) 18 U.S.C. § 922(m) provides in pertinent part:

> It shall be unlawful for any . . . licensed dealer . . . knowingly . . . to fail to make appropriate entry in, or to fail to properly maintain, any record which he is required to keep pursuant to section 923 of this chapter or regulations promulgated thereunder.

36) 18 U.S.C. § 923(g)(1)(A) provides in pertinent part:

> Each . . . licensed dealer shall maintain such records of importation, production, shipment, receipt, sale, or other disposition of firearms at his place of business for such period, and in such form, as the Attorney General may by regulations prescribe.

37) 27 C.F.R. § 478.124(c)(1) requires only that a licensee obtain from the transferee an ATF Form 4473 showing, *inter alia*, the transferee's "residence address (including county **or** similar political subdivision)" (emphasis added), and Red's obtained from the transferee an ATF Form 4473 showing, *inter alia*, the transferee's residence address, including the political subdivision.

38) Red's did not violate 27 C.F.R. § 478.124(c)(1).

39) 27 C.F.R. § 478.121(c) provides in pertinent part:

> Each . . . licensed dealer shall maintain such records of importation, production, shipment, receipt, sale, or other disposition, whether temporary or permanent, of firearms . . . as the regulations contained in this part prescribe.

40) Red's did not violate 27 C.F.R. § 478.121(c).

**PETITION FOR JUDICIAL REVIEW - 6**

41) Red's did not willfully violate 27 C.F.R. § 478.121(c) or 27 C.F.R. § 478.124(c)(1) in that the failures to record the county of residence on ATF Form 4473 were inadvertent, technical record-keeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law.

## COUNT V

42) Paragraphs 1-9 are incorporated herein by reference.

43) In the Final Notice, Van Loan found that Red's willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.121 and § 478.124 in that "in all instances where a purchaser utilized an Idaho Carry/Conceal Permit as identification, the Licensee failed to record the required information in item #18a of ATF Form 4473 . . . ."

44) Red's did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.121 and § 478.124 in that the failure to record the required information in item #18a of ATF Form 4473 were inadvertent, technical record-keeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law.

## COUNT VI

45) Paragraphs 1-9 are incorporated herein by reference.

46) In the Final Notice, Van Loan found that Red's willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.121 and § 478.124 in that "on three occasions the Licensee failed to record accurate information on ATF Form 4473 items 19(a) and 19(c) . . . ."

47) Item 19(a) requires the licensee to record the date the transferee's information was transmitted to NICS or the appropriate state agency. Item 19(c) requires the licensee to record the initial response provided by NICS or the appropriate state agency.

48) Red's did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.121 and § 478.124 in that the failures to record accurate information on ATF Form 4473 items 19(a) and 19(c) were inadvertent, technical record-keeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law.

## COUNT VII

49) Paragraphs 1-9 are incorporated herein by reference.

50) In the Final Notice, Van Loan found that Red's willfully violated 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.121 and § 478.124 in that "on one occasion the Licensee failed to record firearm identification information on ATF Form 4473 item 26 . . . ."

51) The firearm was not transferred by Red's.

52) Red's did not violate 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.121 and § 478.124.

53) Red's did not willfully violate 18 U.S.C. § 922(m) and § 923(g)(1)(A) and 27 C.F.R. § 478.121 and § 478.124 in that the failure to record firearm identification information on ATF Form 4473 item 26 was an inadvertent, technical record-keeping error which was not intentional or deliberate or an aggravated or extreme departure from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law.

PETITION FOR JUDICIAL REVIEW - 8

## COUNT VIII

54)   Paragraphs 1-9 are incorporated herein by reference.

55)   In the Final Notice, Van Loan found that Red's willfully violated 18 U.S.C. § 922(m) and 27 C.F.R. § 478.125(e) in that "on six occasions the Licensee failed to record the disposition of firearms in the timeframe required by statute . . . ."

56)   27 C.F.R. § 478.125(e) requires that the disposition of a firearm be recorded "not later than 7 days following the date of such transaction."

57)   The six firearms were returned to Red's, so they were not recorded as dispositions.

58)   Red's did not willfully violate 18 U.S.C. § 922(m) and 27 C.F.R. § 478.125(e) in that the failures to record the disposition of firearms in the timeframe required by 27 C.F.R. § 478.125(e) were inadvertent, technical record-keeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law.

## COUNT IX

59)   Paragraphs 1-9 are incorporated herein by reference.

60)   In the Final Notice, Van Loan found that Red's willfully violated 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a in that "on four occasions the Licensee failed to prepare a report of multiple sales . . . ."

61)   18 U.S.C. § 923(g)(3)(A) provides in pertinent part:

> Each licensee shall prepare a report of multiple sales or other dispositions whenever the licensee sells or otherwise disposes of, at one time or during any five consecutive business days, two or more pistols, or revolvers, or any combination of pistols and revolvers totaling two or more, to an unlicensed person.

**PETITION FOR JUDICIAL REVIEW - 9**

62) On three of the four occasions, the second sale or other disposition occurred during five consecutive days, but not during five consecutive **business** days.

63) As to three of the four occasions, Red's did not violate 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a.

64) Red's did not willfully violate 18 U.S.C. § 923(g)(3)(A) and 27 C.F.R. § 478.126a in that the failures to prepare reports of multiple sales were inadvertent, technical record-keeping errors which were not intentional or deliberate or aggravated or extreme departures from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law.

## COUNT X

65) Paragraphs 1-9 are incorporated herein by reference.

66) In the Final Notice, Van Loan found that Red's willfully violated 18 U.S.C. § 922(m) and 27 C.F.R. § 478.129(b) in that "on one occasion the Licensee failed to retain an ATF Form 4473 for the required 20 year period after a sale or other disposition . . . ."

67) Red's did not willfully violate 18 U.S.C. § 922(m) and 27 C.F.R. § 478.129(b) in that the failure to retain an ATF Form 4473 for the required 20 year period after a sale or other disposition was an inadvertent, technical record-keeping error which were not intentional or deliberate or an aggravated or extreme departure from standards of ordinary care or done with the intent to do something the law forbids or with the bad purpose to disobey or to disregard the law.

WHEREFORE, Red's prays that this court:

1) Decide that Van Loan erred and was not authorized to revoke Red's license;

2) Order Van Loan to withdraw the revocation; and

3)   Award such other relief, including costs and attorney's fees (pursuant to 18 U.S.C. § 924(d)(2)(B) and 28 U.S.C. § 2412), as appropriate.

DATED: February 23, 2007.

STOEL RIVES LLP

J. Walter Sinclair
Mark S. Geston

Attorneys for Petitioner

**PETITION FOR JUDICIAL REVIEW - 11**
Boise-202795.1 0099999-00006