UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RED'S TRADING POST, INC., | Case No. CV07-090-S-EJL |
| Petitioner, | **MEMORANDUM ORDER** |
| v. | |
| RICHARD VAN LOAN, Director of Industry Operations, Bureau of Alcohol, Tobacco, Firearms and Explosives, | |
| Respondent. | |

Pending before the Court in the above-entitled matter is Petitioner Red's Trading Post, Inc.'s ("Red's") motion for temporary restraining order (Docket No. 8). The Respondent Richard Van Loan, Director of Industry Operations, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), has filed a response to the motion for temporary restraining order. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## Standard of Review

Temporary restraining orders are designed to preserve the status quo pending the ultimate outcome of litigation. They are governed by Federal Rule of Civil Procedure 65(b) which requires the moving party to show that "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or

MEMORANDUM ORDER - 1

damage will result to the applicant before the adverse party . . . can be heard in opposition...."  Under Rule 65(b) and Ninth Circuit case law, a plaintiff may obtain a temporary restraining order only where he or she can "*demonstrate* immediate threatened injury."  See, e.g., Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis in original).  The party seeking the temporary restraining order or preliminary injunction must prove the prerequisites by clear and convincing evidence. Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 441 (1974).

The standards for a restraining order are basically the same as for a preliminary injunction. While courts are given considerable discretion in deciding whether a preliminary injunction should enter, and injunctive relief is not obtained as a matter of right, it is also considered to be an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.  See Sampson v. Murray, 415 U.S. 61 (1974); Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co., 363 U.S. 528 (1960); and Stanley v. Univ. of Southern California, 13 F.3d 1313 (9th Cir. 1994).

In the case of Martin v. Int'l Olympic Comm., 740 F.2d 670, 674-675 (9th Cir. 1984), the Ninth Circuit stated that a party seeking preliminary injunctive relief must meet one of two tests.  Under the first,

> a court may issue a preliminary injunction if it finds that: (1) the [moving party] will suffer irreparable harm if injunctive relief is not granted, (2) the [moving party] will probably prevail on the merits, (3) in balancing the equities, the [non-moving] party will not be harmed more than [the moving party] is helped by the injunction, and (4) granting the injunction is in the public interest.

Id. (internal quotations and citations omitted); and Stanley v. Univ. of Southern California, 13 F.3d 1313, 1319 (9th Cir. 1994).  Under the second, the movant must show "either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2)

MEMORANDUM ORDER - 2

the existence of serious questions going to the merits, the balance of hardships tipping

sharply in its favor, and at least a fair chance of success on the merits." Miller v. California

Pacific Medical Center, 19 F.3d 449, 456 (9th Cir. 1994) (*en banc*).  This alternative test is

on a sliding scale: the greater the likelihood of success, the less risk of harm must be shown,

and vice versa.  Id.

Speculative injury is insufficient to support a finding of irreparable harm.  As the

Ninth Circuit has stated in Carribean Marine Service Co. v. Baldridge, 844 F.2d 668, 674

(9th Cir. 1988):

> Speculative injury does not constitute irreparable injury sufficient to warrant
> granting a preliminary injunction . . . a plaintiff must do more than merely
> allege imminent harm to establish standing, a plaintiff must demonstrate
> immediate threatened injury as a prerequisite to preliminary injunctive relief.

Factual Background

An inspection of Red's was conducted by the ATF in 2000 and a warning conference

was held with Red's based on three violations deemed "serious."  Red's was allegedly

advised any future violations would be grounds for revocation of its firearms license.

Another ATF inspection occurred on June 10 - 15, 2005.  Based on the inspection, in

February 2, 2006, the ATF alleged Red's willfully violated multiple provisions of the Gun

Control Act of 1968, 18 U.S.C. § 921 et seq., and its implementing regulations.  The ATF

issued a Notice of Revocation of License.  Red's appealed the notice and a hearing was held

in August of 2006.  The hearing officer recommended that Red's firearms license should be

revoked.

In December of 2006, Reds received Final Notice of Denial of Application or

Revocation of Firearms License from Richard Van Loan of the ATF that its firearms license

would be revoked effective March 5, 2007.  The ATF set forth 10 grounds for revoking

Petitioner's license.  Petitioner timely filed a petition for judicial review with this Court on

February 23, 2007.  On March 20, 2007, Petitioner moved for a preliminary injunction.  The

response time on this motion has not concluded.  Red's claims it filed the motion for

temporary restraining order on April 2, 2007 because its business is dropping off more than

it anticipated due to the revocation.  The Court ordered a response from the Respondent on

the motion for a temporary restraining order be filed on April 4, 2007.

By letter dated March 1, 2007, Red's requested a stay of the effective date of the

revocation of its firearms license.  The requested stay was denied, however the ATF offered

to consider lifting the restriction on the acquisition of firearms during the pendency of the

judicial review if Red's could show its quality control practices have changed to prevent the

alleged violations from the 2000 and 2005 inspections.  The parties could not reach an

agreement on ATF's proposal to allow Red's to sell current inventory as augmented by stock

ordered before March 5, 2007, but that any orders for more inventory would have to be

individually approved by the ATF.  Red's found this proposal unworkable.

The status quo that Red's seeks to maintain while it seeks judicial review of the ATF

final decision is the status quo that existed *prior to* its firearms license revocation on March

5, 2007; it is not the current status quo at the time the motion for temporary restraining order

was filed in April 2007.  Red's claims the impact of the revocation will result in financial

destruction before the Court can rule on the merits of the case.  The ATF argues that public

safety requires the Court to deny the motion for temporary restraining order and that any

economic damage to Petitioner has been caused by Petitioner's failure to comply with the

Gun Control Act and/or agree with proposals to lift the revocation pending judicial review.

MEMORANDUM ORDER - 4

Analysis

The Court finds that at this time, Petitioner has failed to establish irreparable harm. Petitioner's agent appears to have admitted in the newspaper article that the violations alleged by the ATF did in fact occur in the record keeping for firearms. Allegations that Petitioner may suffer financial hardship does not establish irreparable harm. <u>See</u>, <u>e.g.</u>, <u>Hughes v. United States</u>, 953 F.2d 531, 535-36 (9th Cir. 1992) (financial suffering and alleged due process violations insufficient to demonstrate irreparable injury); <u>Elias v. Connett</u>, 908 F.2d 521, 526 (9th Cir. 1990) (monetary harm alone insufficient to merit injunctive relief). The Court acknowledges this case is different than the cited cases where the defendant is another business and not a federal agency, but Petitioner was aware of the impending revocation when it made certain business decisions regarding hiring and/or expansion. Based on the current record before the Court, the critical issue in this case is the need for public safety and the complete recording of information related to firearms purchases and transfers. The Court is not convinced that granting the temporary restraining order will satisfy this public interest when it appears that Petitioner does not contest that the alleged violations occurred, rather the Petitioner contests the violations were willfully committed. Moreover, based on the ATF's response, it is unclear if Red's is willing to implement necessary quality or compliance controls to avoid more technical violations.

At this stage in the litigation, the Court finds the motion for a temporary restraining order must be denied. Before the Court can consider the motion for preliminary injunction, the parties must be allowed to file complete briefing so the Court can examine more carefully the arguments of the parties and Petitioner's likelihood of success on the merits of its claims. The Court will expedite the briefing deadline on the motion for preliminary

injunction.  The Court urges the parties to reconsider their positions and to attempt to work out an agreement to allow the Petitioner to continue its 70 year old business with some restrictions while the judicial review of the ATF's final agency action is completed.

Order

Being fully advised in the premises, the Court hereby orders that:

1) Petitioner's Motion for Temporary Restraining Order (Docket No. 8) is DENIED.

2) The Court will *sua sponte* grant the filing of the over length brief in support of Petitioner's motion for preliminary injunction (filed as Docket No. 7).

3) In order for the Court to review the pending motion for a preliminary injunction in an expedited manner, the Court will expedite the briefing schedule for this motion. Respondent's response to the motion for preliminary injunction shall be filed on or before April 9, 2007 and Petitioner's reply to the motion for preliminary injunction shall be filed on or before April 16, 2007.  Upon the receipt of the briefing on the motion for preliminary injunction, the Court will determine whether a hearing is necessary.

DATED:  **April 4, 2007**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 6