UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RED'S TRADING POST, INC., | Case No. CV07-090-S-EJL |
| Petitioner, | **MEMORANDUM ORDER** |
| v. | |
| RICHARD VAN LOAN, Director of Industry Operations, Bureau of Alcohol, Tobacco, Firearms and Explosives, | |
| Respondent. | |

Pending before the Court in the above-entitled matter is Respondent's motion for summary judgment (Docket No. 29) and Petitioner's motion to strike Respondent's reply (Docket No. 53). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Factual Background

Petitioner Red's Trading Post, Inc. ("Red's") is a holder of a license to engage in the business of dealing in firearms. The license is issued by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Red's is a family business that has been primarily engaged in the selling, trading, servicing and repair of firearms in Twin Falls, Idaho for decades. Red's estimates it completes about 2,000 transactions per year.

MEMORANDUM ORDER - 1

An inspection of Red's was conducted by the ATF in 2000 and a warning conference was held with Red's based on three violations deemed "serious."  Red's was allegedly advised any future violations would be grounds for revocation of its firearms license.  Another ATF inspection occurred on June 10 - 15, 2005.  Based on the inspection, in February 2, 2006, the ATF alleged Red's willfully violated multiple provisions of the Gun Control Act of 1968, 18 U.S.C. § 921 et seq., and its implementing regulations.  The ATF issued a Notice of Revocation of License.  Red's appealed the notice and a hearing was held in August of 2006.  The hearing officer recommended that Red's firearms license should be revoked.

In December of 2006, Red's received Final Notice of Denial of Application or Revocation of Firearms License from Richard Van Loan of the ATF that its firearms license would be revoked effective March 5, 2007.  The ATF set forth 10 grounds for revoking Petitioner's license.  These grounds or counts are each discussed individually by the parties in their briefing.

Petitioner timely filed a petition for judicial review with this Court on February 23, 2007.  On March 20, 2007, Petitioner moved for a preliminary injunction.  The Court granted the motion for preliminary injunction on April 30, 2007, but also limited the scope of Red's firearms business and new purchases pending the Court's review.  Respondent filed its motion for summary judgment and Petitioner objected to ATF's inclusion in its reply brief of alleged violations since the injunction was entered being considered as part of the summary judgment motion.

Standard of Review

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See, Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no `genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.[1]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require

---

1 See also, Rule 56(e) which provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

a jury or judge to resolve the parties' differing versions of the truth at trial." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)).  The Ninth Circuit cases are in accord.  See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882 F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

Id. at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992).

Analysis

An application for a license as a firearms dealer shall be approved if "the applicant has not willfully violated any of the provisions of this chapter [Chapter 44, Title 18, U.S.C.] or regulations [27 C.F.R. § 178.1 et seq.] issued thereunder."  18 U.S.C. § 923(d)(1)(C). Section 923(g) requires each licensed firearms dealer to maintain certain records in the form required by regulations for the receipt, sale, or other disposition of firearms.  The issue in this case is did Red's "willfully" violate the record keeping requirements for firearms dealers.  First, the Court must determine the definition of "willfully" that applies to this case.

In Perri v. Dept. of the Treasury, 637 F.2d 1332, 1336 (9th Cir. 1981), the Ninth Circuit held that a willful violation "is established when a dealer understands the requirements of the law, but knowingly fails to follow them or was indifferent to them." The facts in Perri are significantly more egregious that the facts in the present case. In Perri, undercover officers and a cooperating convicted felon attempted to purchase a firearm and when he was informed he could not purchase a firearm, the store sold a firearm to his friend knowing that the friend would give the gun to the felon. The next week the firearms dealer again effectively sold a second gun to the same felon who came in with a friend (undercover officer) and the felon said he needed a smaller gun for his wife because the gun sold the prior week was too much gun for his wife. The "straw person" purchases to a convicted felon and essentially condoned by the firearms dealer are significantly different than the facts before this case.

The Perri court cited Shyda v. Director, Bureau of Alcohol, Tobacco and Firearms, 448, F.Supp. 409 (M.D. Penn. 1977), for the definition of willfully. "For the violations alleged here, the Bureau [ATF] must prove that petitioner know of his legal obligations and purposefully disregarded or was plainly indifferent to the record keeping requirements." Id. at 415 (citations omitted). The Shyda court continued "[there is no requirement of bad purpose as might be imposed were the Court faced with determining the definition of willfulness in a criminal prosecution." Id. While there were multiple alleged violations in Shyda, one of the main violations was the failure to enter the disposition of over 1700 firearms in the acquisition-disposition book maintained by the seller. The Court found there could be "no serious dispute" as to the willfulness of the violations in Charges 1 and V since the petitioner had admitted at the administrative hearing that he was aware of the specific

legal obligations to record dispositions of firearms within seven days and to maintain disposition records for ammunition.

In <u>Lewin v. Blumenthal</u>, 590 F. 2d 268, 269 (8th Cir. 1979), the court also held that "plain indifference to the regulatory requirements could suffice as a 'willful' violation justifying the denial of a license."  In <u>Levin</u>, the "hearing disclosed a large number of violations ranging from failure to keep proper records on sales of weapons to at least three persons who admitted their status as felons on the 4473 forms submitted to Lewin.  A careful review of the evidence could only lead one to the conclusion that the appellees were indifferent to the requirements of the law."  Again, the violations in <u>Lewin</u> are in the Court's opinion much more serious than the alleged violations in the case at bar which do not include any allegation of firearm sales to convicted felons.

The Court also examined <u>Cucchiara v. Secretary of the Treasury</u>, 652 F.2d 28, 29 (9th Cir. 1981) wherein the court held hundreds of violations of legal requirements, including repeated failure to record the acquisition and disposition of firearms and scores of sales of firearms to ineligible purchasers combined with notice to the seller that future violations could be considered willful supported a finding of willfulness.  Additionally, the court considered in its willfulness analysis "a recent investigation of petitioner's records supported more violations of unreported multiple handgun sales, repeated failure to record the acquisition and dipsositions of firearms and a loss without reasonable explanation of 200 firearms."  <u>Id.</u>  The Court also held that the failure to dispute the factual accuracy of the administrative record, led to the implicit admission to hundreds of violations of the ATF's legal requirements after multiple warnings by the ATF.  <u>Id.</u> at 30.

Red's argues that the term "willfully" was added to the applicable statute "to ensure that licenses are not revoked for inadvertent errors or technical mistakes." S. Rep. No. 98-853 at 88. Red's claims the Perri and Cucchiara decisions interpreted the statute in existence at the time and determined the statutes should include a willfulness element, but that such decisions are of little precedential value since the decisions were prior to the term "willfully" being added to the statute. Red's argues this Court should apply a different definition of willful and cites the Court to Safeco Insurance Company of America v. Burr, 127 S. Ct. 2201 (2007) which stated the definition for the term willfully in a civil regulatory statute for the Fair Credit Reporting Act includes "knowing violations of a standard, but [also] reckless ones. . . ." Red's argues it has not acted willfully as it has not acted with "reckless disregard" for the legal requirements and mere carelessness is not recklessness. The Court respectfully disagrees with the definition for "wilfully" that Red's proposes.

The Court finds the definition of "willfully" should be determined based on the specific statutes involved and not the Fair Credit Reporting Act. See Lewin, 590 F. 2d 268, 269 (8th Cir. 1979). While the Court finds the legislative history helpful as to why the word "willfully" was added to the statute, the Court also finds the prior case law is instructive as to the definition this Court should use in defining the term "willfully" for purposes of the Gun Control Act. In Cucchiara v. Secretary of the Treasury, 652 F.2d 28, 29 (9th Cir. 1981), the Ninth Circuit specifically rejected the argument that conduct is willful only if it is purposeful and intentional. The Ninth Circuit had not overturned Perri or Cucchiara since the amendment to the Gun Control Act. Therefore, the Court finds the appropriate definition for "willfully" is as originally adopted in Perri: a willful violation is established when a dealer understands the requirements of the law, but knowingly fails to follow them or was

MEMORANDUM ORDER - 7

indifferent to them. While reckless actions may also justify a finding of willfulness, recklessness is not required for a firearms seller to have acted willfully. This Court declines to extend the holding in Safeco to all civil statutes that use the term "willfully."

Under the doctrine of respondent superior, Red's is responsible for the actions of its employees in complying with the legal requirements of the ATF. Fin & Feather Sport Shop, Inc. v. United States Treasury Department, 481 F. Supp. 800, 806 (D. Neb. 1979). In reviewing the record in this matter, there can be no doubt that certain legal requirements were not satisfied by Red's. Whether the alleged violations taken collectively support a finding of "willful" conduct on the part of Red's is a separate question for the Court.

The Court has reviewed in detail the administrative record (provided on a CD, Docket No. 27) and the parties responses to the ten counts of alleged violations. Without going into detail regarding each count in this opinion, the Court finds genuine issues of material fact exist as to whether the each of alleged violations addressed at the administrative hearing and responded to in the briefing submitted to this Court, were willful violations of the Gun Control Act. Therefore summary judgment must be denied.

Hearing

Because the Court finds there are genuine issues of material fact regarding whether Red's acted willfully, the Court will set a hearing on the matter. Petitioner is entitled to a *de novo* hearing in which the Court can consider the evidence submitted at the administrative hearing as well as other evidence offered by the parties. 18 U.S.C. § 923(f)(3). The case law also confirms that the ordinary standard of administrative review does not apply with the ATF is seeking revocation of a license to sell firearms. Fin & Feather Sport Shop, Inc. V.

United States Treasury Department, 481 F. Supp. 800, 804 (D. Neb. 1979); Shyda, 448 F. Supp 409, 411 (M.D. Penn 1977).  In this case, the Court will consider the administrative record (not necessary to resubmit this evidence) as well as other evidence submitted by the parties, including but not limited to, the actions of Red's while the preliminary injunction has been in place.  Cucchiara v. Secretary of the Treasury, 652 F.2d 28, 29 (9th Cir. 1981). The parties are directed to meet and confer regarding witnesses and exhibits and to stipulate, where possible, to any exhibits that will be presented to the Court for admission.

## Order

Being fully advised in the premises, the Court hereby orders that:

1) Respondent's motion for summary judgment (Docket No. 29) is DENIED.

2) Petitioner's motion to strike (Docket No. 53) is DENIED AS MOOT.

3) An evidentiary hearing shall be held on Monday, February 25, 2008 at 9:30 a.m. at the Federal Courthouse in Boise, Idaho.  The existing injunction remains in effect pending the Court's ruling after the evidentiary hearing.

DATED:  **January 24, 2008**

Honorable Edward J. Lodge
U. S. District Judge